UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JEFFREY POST,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff hereby sues Defendant and alleges as follows:

**JURISDICTIONAL AND PRELIMINARY ALLEGATIONS**

1. The Plaintiff, JEFFREY POST, is a citizen and resident of Canada.

2. Defendant, CARNIVAL CORPORATION (hereinafter "Defendant" or "Carnival"), is a foreign entity incorporated under the laws of Panama.

3. This action is being pursued in this Court (as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333) pursuant to the forum selection clause contained in Carnival's cruise ticket contract. Further, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h). The demand for a jury trial included herein is also made pursuant to the Saving to Suitors Clause of 28 U.S.C. §1333.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

- 2 -

  b. Was engaged in substantial activity within this state;

  c. Operated vessels in the waters of this state;

  d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

  f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard their vessels.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Panorama* (the "vessel").

8. At all times material hereto, Defendant had exclusive custody and control of the vessel.

9. On or about November 19, 2022, Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

10. On or about November 19, 2022, the Plaintiff was standing in line to disembark when the assailant spit on the Plaintiff and then began to assault and/or batter the Plaintiff, striking the Plaintiff with a closed fist.

11. As a result of Defendant's negligence, the Plaintiff suffered serious long-term injuries.

**Defendant's Notice**

12. At all material times hereto, Defendant experienced and had actual knowledge of passenger injuries as a result of assaults, batteries and other crimes being perpetrated aboard its vessels.

13. Before the incident, Defendant knew or should have known that an assault and/or battery was reasonably foreseeable because Defendant had or should have had security monitoring and regulating the behavior of its passengers, and this incident occurred in a common area aboard the vessel.

14. Before the incident, Defendant knew or should have known that an assault and/or battery was reasonably foreseeable considering the prevalence of assaults and/or batteries aboard Defendant's vessels. Pursuant to the Secretary of Transportation's statistical compilation of shipboard incidents, there were a total of 28 assaults with serious bodily injury reported on Defendant's vessels between 2016 and 2022 – all but one of which were committed by passengers.[1] These shipboard incidents are reported by Defendant directly to the Secretary of Transportation and/or the Federal Bureau of Investigation.

15. Notwithstanding the prevalence of assaults and/or batteries aboard Defendant's cruise ships, Defendant failed to take adequate steps, provide adequate security, or provide adequate supervision to prevent such, and/or Defendant failed to warn its passengers of the growing epidemic at sea. Defendant's motive for failing to warn its passengers was financial in nature; that

---

[1] These figures do not represent the actual number of sexual assaults because, pursuant to 46 U.S.C. § 3507(g), cruise lines (including Defendant) are only required to report those instances that occur (a) in the territorial waters of the United States; (b) involve a United States citizen when occurring outside the jurisdiction of any nation; and (c) involve a United States citizen when occurring on a vessel that departed from or will arrive in a United States port. As a result, many incidents of sexual assaults and rapes which have occurred aboard cruise ships are presently unreported to the FBI and/or are not included in the Secretary of Transportation's statistical compilation of shipboard incidents. These figures also include the data from 2020 and 2021, when cruises were largely cancelled due to COVID-19.

is, Defendant willfully chose not to warn its passengers about assaults and/or batteries aboard its cruise ships so as not to scare any prospective passengers away. Such willful and outrageous conduct on the part of Defendant exposes Defendant to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc.*, 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011).

## COUNT I – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through fifteen (15) as though alleged originally herein.

16. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

17. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

18. On or about the above date(s), Plaintiff was in the hallways and/or public areas aboard the vessel, which are places Plaintiff was invited to by Defendant and places Defendant reasonably expected Plaintiff to be in during the cruise.

19. On or about the above date(s), Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn passengers of the lack of adequate security aboard Defendant's vessels, including, but not limited to, the hallways and/or public areas aboard the vessel; and/or

   b. Failing to warn passengers of the dangers and/or prevalence of assaults and/or batteries aboard Defendant's vessels.

- 5 -

20. The above acts and/or omissions caused and/or contributed to the Plaintiff being assaulted and/or battered because Plaintiff would not have gone on the cruise, and/or throughout public areas of the vessel had Defendant and/or its agents, servants, and/or employees adequately warned and/or communicated the foregoing to passengers, including Plaintiff.

21. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject assault and/or battery and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired as alleged in paragraphs 13 and 14. In addition, Defendant created the dangerous conditions by the lack of warnings and/or security and/or training.

22. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT II – NEGLIGENT SECURITY

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through fifteen (15) as though alleged originally herein.

23. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

24. At all times material hereto, it was the duty of Defendant to provide reasonable security and/or implement reasonable security measures aboard the vessel.

25. At all times material hereto, Defendant voluntarily undertook and/or assumed the duty of security by retaining crewmembers to serve as security officers about the vessel.

26. Pursuant to Defendant's policies and/or cruise industry standards, onboard security is directed to maintain a high level of visibility and provide the required presence to deter and prevent the escalation of incidents.  This high level of visibility is established by patrolling indoor and outdoor areas, as well as by interacting with guests to ensure their security and compliance with standards of conduct.

27. On or about the above date(s), Defendant and/or its agents, servants and/or employees breached its duty to Plaintiff through the following acts and/or omissions:

   a. Failing to provide adequate security for passengers in the hallways and/or public areas aboard the vessel; and/or

   b. Failing to adequately monitor passengers, so as to keep them away from dangerous passengers and/or dangerous situations; and/or

   c. Failing to adequately monitor and/or regulate improper conduct of passengers aboard the vessel, including, but not limited to, in the hallways and public areas of the vessel; and/or

   d. Failing to have sufficient security officers on duty and/or patrolling the vessel to adequately monitor the hallways and/or public areas aboard the vessel; and/or

  e. Failing to have sufficient security officers on duty and/or patrolling the vessel to maintain a high level of security presence, thereby preventing and/or reducing the number and/or severity of incidents; and/or

  f. Failure to protect passengers generally and Plaintiff specifically from assaults and/or batteries aboard the cruise; and/or

  g. Failing to provide adequate security aboard the vessel; and/or

  h. Failing to provide adequate training for its security.

28. The above acts and/or omissions caused and/or contributed to the subject incident because, had Defendant provided reasonable security and/or implemented reasonable security measures consistent with the foregoing, Plaintiff would not have been assaulted and/or battered aboard the vessel.

29. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject assault and/or battery and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired as alleged in paragraphs 13 and 14.  In addition, Defendant created the dangerous conditions by the lack of warnings and/or security and/or training.

30. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff

will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through fifteen (15) as though alleged originally herein.

31. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

32. On or about the above date(s), Defendant and/or its agents, servants and/or employees breached its duty to Plaintiff through the following acts and/or omissions:

   a. Failing to have sufficient crewmembers (aside from security) adequately supervising the Plaintiff and/or other passengers while they are waiting to disembark; and/or

   b. Failing to promulgate and/or enforce adequate policies and/or procedures to ensure that passengers, including Plaintiff, are continuously and/or adequately monitored and supervised (by other crewmembers aside from security); and/or

   c. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent assaults and/or batteries on passengers; and/or

   d. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent passengers from committing physical assaults and/or batteries against other passengers aboard the ship; and/or

    e. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent passengers from being physically assaulted and/or battered by other passengers aboard the ship; and/or

    f. Failing to provide reasonably safe conditions for Plaintiff aboard Defendant's vessel; reasonably safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein persons could assault and/or batter passengers.

33. The above acts and/or omissions caused and/or contributed to the subject incident because, Plaintiff would not have been assaulted and/or battered aboard the vessel, but for the above acts and/or omissions.

34. At all times material hereto, Defendant knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired as alleged in paragraphs 13 and 14. In addition, Defendant created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

35. As a direct and proximate result of Defendant's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

Dated: October 25, 2023

> Respectfully submitted,
>
> LIPCON, MARGULIES
> & WINKLEMAN, P.A.
> *Attorneys for Plaintiff*
> 2800 Ponce de Leon Boulevard, Suite 1480
> Coral Gables, Florida 33134
> Telephone: (305) 373-3016
> Facsimile: (305) 373-6204
>
> By: */s/ Heather L. Smith*
> **JASON R. MARGULIES**
> Florida Bar No. 57916
> jmargulies@lipcon.com
> **JACQUELINE GARCELL**
> Florida Bar No. 104358
> jgarcell@lipcon.com
> **HEATHER L. SMITH**
> Florida Bar No. 86577
> hsmith@lipcon.com